**Law Offices of Rahul Wanchoo**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor



New York, New York 10118
Phone: (646) 593-8866

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CNAN GROUP Spa

                  Plaintiff,

        - against -

AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION, INC.

                Defendant.

-----------------------------------------------------------------X

ECF CASE

08 Civ. _____ (___)

**VERIFIED COMPLAINT**

        CNAN GROUP Spa ("CNAN"), by its attorneys, LAW OFFICES OF RAHUL

WANCHOO, as for its Verified Complaint against AMERICAN STEAMSHIP OWNERS

MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC. (the "American Club"),

alleges on information and belief, as follows:

        1.     This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a marine

insurance contract. This case also falls under the Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333.

        2.     At all material times, CNAN was, and is, a state owned corporation, organized

and existing under the laws of Algeria with its office and principal place of business at 2 quai

No.9 Nouvelle GARE MARITIME ALGER – ALGERIE, and is engaged in the business of vessel operation and management.

3.      At all material times, the American Club is a marine protection and indemnity association, operated by its members for their exclusive benefit and is organized and existing under the laws of the State of New York with an office and place of business at 60 Broad Street, 37th Floor, New York, New York 10004.

4.      From February 2004 to June 2006, the American Club provided Protection and Indemnity and Freight, Demurrage & Defense insurance to CNAN's fleet of vessels. Upon becoming a member of the American Club, CNAN received a Certificate of Entry for each vessel, which expressly makes applicable the American Club Rules to the insurance. The Certificate of Entry includes member-specific Special Terms and Conditions and the Club By-laws and Rules. A copy of one such Certificate of Entry which shows the terms and conditions of the insurance with respect to the vessel, the KSAR CHELLALA is annexed hereto as **Exhibit A.**

5.      The terms of entry for marine protection and indemnity risks are set out in the American Club Rules for Class I coverage (the "Rules"). Rule 2.17 provides cover for "costs, charges, and expenses reasonably incurred and paid by the Member in connection with any liability insured under this Rule", including, but not limited to, attorney's fees.

6.      On or about May 15, 2006, CNAN received a letter from Mr. Stuart J. Todd of the American Club regarding thirty days notice of termination of the Protection and Indemnity risks for CNAN vessels which currently entered with the American Club. A copy of the American Club letter is annexed hereto as **Exhibit B.**

2

7.    During the period of insurance cover from February 20, 2004 to June 15, 2006, various claims were settled by CNAN directly with the claimants presently estimated in the amount of about $3,334,789.00 for which CNAN seeks reimbursement from the American Club under the "pay to be paid rule" of the Club.

8.    On or about September 20, 2007 CNAN wrote to the Chairman of the Board of Directors of the American Club seeking a swift decision regarding the amounts which were owed to CNAN.  On or around December 18, 2007, CNAN sent a second reminder to the Club and referenced Club Rule 1.43 which precludes the member from pursuing its dispute in the courts unless the member has first submitted the dispute to the Directors and the latter has failed to render its decision within three months. Copies of CNAN's letters of September 20 and December 18, 2007 are annexed hereto as **Exhibit C.**

9.    On or about December 19, 2007, CNAN received a letter from the secretary of the Board of the American Club advising that "the matter is treated as a matter of priority and we expect to be in position to make what we trust will be an acceptable proposal for settlement of the outstanding issues between CNAN and the Club in the near future". A copy of the Club's letter dated December 20, 2007 is annexed hereto as **Exhibit D.**

10.    The American Club has wrongly declined CNAN's request for payment of the claims which have already been settled by it under the Certificates of Entry and Club Rules.

11.    The American Club is in breach of the terms of the marine protection and indemnity cover provided to CNAN by refusing to reimburse CNAN because of alleged "release calls" for which CNAN has not been debited. CNAN is entitled to prompt and full reimbursement from the American Club which as best as can presently be calculated, is estimated to be $3,334,789.00 representing payments for settlement of various claims, and for all

3

other expenses of any sort, incurred on the settlement of various claims, received or to be received which relate to the period of the CNAN's insurance cover with the American Club from February 20, 2004 to June 15, 2006 together with interest, and the costs of these proceedings, and to reimburse CNAN for any and all liability, expenses, or cost arising as a consequence of these proceedings.

12.    CNAN is in the process of settling other claims in addition to the claims mentioned in paragraph 7 above, and as soon as those claims are settled CNAN will be seeking reimbursement of those claims from the American Club.

WHEREFORE, Plaintiff CNAN Group Spa, demands judgment against Defendant American Steamship Owners Mutual Protection and Indemnity Association, Inc. for the principal amount of $3,334,789.00, together with interest, costs and disbursements of this action; and

That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
       June 13, 2008

> **LAW OFFICES OF RAHUL WANCHOO**
> Attorneys for Plaintiff
> CNAN GROUP Spa
>
> By:  _Rahul Wanchoo_
>      Rahul Wanchoo (RW-8725)

4

STATE OF NEW JERSEY)

                       ss.

COUNTY OF BERGEN   )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul

Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and

the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff

is a foreign corporation and is not within this District.

_Rahul Wanchoo_

Sworn to and subscribed to
before me this June 12, 2008.

Notary Public

Michael C. Zeale
Notary Public State of New Jersey
My Commission Expires
August 8, 2010

# EXHIBIT A



American Steamship Owners Mutual Protection and Indemnity Association, Inc.
60 Broad Street - 37th Floor,
New York, NY 10004, U.S.A.

Shipowners Claims Bureau, Inc., Manager

2004 /2005

# CERTIFICATE OF ENTRY

of the vessel(s) set out herein for account of the Member named hereunder subject to the By-Laws and Rules of the Association from time to time in force and to any special terms and conditions endorsed hereon and/or as may from time to time be circularized.  Unless indicated to the contrary herein, the cover evidenced by this Certificate of Entry commences at noon GMT on the date specified below and continues until cover ceases or is terminated in accordance with the said By-Laws and Rules.

## Class I – Protection & Indemnity Insurance

| VESSEL(S) | FLAG | GROSS TONNAGE | COVER TO COMMENCE |
|-----------|------|---------------|-------------------|
| KSAR CHELLALA | DZA | 13,135 | 20 February, 2004 **RENEWAL DATE** 20 February, 2005 |
| **MEMBER** CNAN GROUP SPA | | | |
| **SPECIAL TERMS & CONDITIONS AS ATTACHED** | | | |

### IMPORTANT

This Certificate of Entry is evidence only of the contract of indemnity insurance between the above-named Member and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

If a Member tenders this Certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever.  The Association does not so consent.

The Member named in this Certificate of Entry is liable to pay Mutual Premium as provided for in Rule 4. Furthermore, the Member may become liable under the said Rule 4 to pay Overspill Calls to meet the Association's proportion of any Overspill Claims up to the limit per vessel as provided for in the said Rule 4.

CERTIFICATE NO.:    00935000

NEW YORK:    27 February, 2004    BY:  _____
AUTHORIZED SIGNATURE

1



CERTIFICATE NO.    00936000

## <u>SPECIAL TERMS & CONDITIONS</u>

| COLLISION | ONE-FOURTH COLLISION COVERAGE EXCLUDED<br><br>Coverage hereunder excludes absolutely all those liabilities, costs and expenses which would have been covered hereunder, but for this exclusion, pursuant to Rule 2, Section 3, 1, and subject always and in any event to each and every other provision of Rule 2, Section 3 in general.<br><br>COVERAGE FOR DAMAGE TO FIXED AND FLOATING OBJECTS EXCLUDED<br><br>Coverage hereunder excludes absolutely all those claims in respect of damage to fixed and floating objects otherwise recoverable in accordance with Rule 2, Section 4 ("Damage Caused Otherwise Than by Collision") and Rule 2, Section 5 ("Damage to Docks, Buoys, Etc."), provided always that, notwithstanding this exclusion, claims arising in excess of sums recoverable under the insured vessel's hull policies in respect of such claims shall nevertheless be covered hereunder. |
|---|---|
| DEDUCTIBLES | US$6,000 from all crew claims, each accident or occurrence<br><br>ALG D1,200,000 from all cargo claims arising in Algerian ports, each single voyage.<br><br>US$15,000 from all other cargo claims, each single voyage<br><br>US$5,000 from all stowaway claims each stowaway subject to a maximum deduction of US$ 25,000 each single voyage.<br><br>US$15,000 from all other claims, each accident or occurrence |
| MEMBER SPECIFIC CLAUSES | ALGERIAN CREW CLAIMS<br>Excluding all crew claims recoverable under the Algerian State Scheme. |





American Steamship Owners Mutual Protection and Indemnity Association, Inc.
60 Broad Street - 37th Floor,
New York, NY 10004, U.S.A.

Shipowners Claims Bureau, Inc., Manager

# CERTIFICATE OF ENTRY

of the vessel(s) set out herein for account of the Member named hereunder subject to the By-Laws and Rules of the Association from time to time in force and to any special terms and conditions endorsed hereon and/or as may from time to time be circularized.  Unless indicated to the contrary herein, the cover evidenced by this Certificate of Entry commences at noon GMT on the date specified below and continues until cover ceases or is terminated in accordance with the said By-Laws and Rules.

## Class I – Protection & Indemnity Insurance

| VESSEL(S) | FLAG | GROSS TONNAGE | COVER TO COMMENCE |
|---|---|---|---|
| KSAR CHELLALA | DZA | 13,135 | 20 February, 2005<br>**RENEWAL DATE**<br>20 February, 2006 |

| MEMBER |
|---|
| CNAN GROUP SPA |
| ALGERIAN SHIP MANAGEMENT COMPANY (MANAGER) |

| SPECIAL TERMS & CONDITIONS AS ATTACHED |
|---|

### IMPORTANT

This Certificate of Entry is evidence only of the contract of indemnity insurance between the above-named Member and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

If a Member tenders this Certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever.  The Association does not so consent.

The Member named in this Certificate of Entry is liable to pay Mutual Premium as provided for in Rule 4.  Furthermore, the Member may become liable under the said Rule 4 to pay Overspill Calls to meet the Association's proportion of any Overspill Claims up to the limit per vessel as provided for in the said Rule 4.

CERTIFICATE NO.:     00832000

NEW YORK:     28 February, 2005     BY:

_____
AUTHORIZED SIGNATURE

1



CERTIFICATE NO.:    00832000

## SPECIAL TERMS & CONDITIONS

| COLLISION | **ONE-FOURTH COLLISION COVERAGE EXCLUDED**<br><br>Coverage hereunder excludes absolutely all those liabilities, costs and expenses which would have been covered hereunder, but for this exclusion, pursuant to Rule 2, Section 3, 1, and subject always and in any event to each and every other provision of Rule 2, Section 3 in general.<br><br>**COVERAGE FOR DAMAGE TO FIXED AND FLOATING OBJECTS EXCLUDED**<br><br>Coverage hereunder excludes absolutely all those claims in respect of damage to fixed and floating objects otherwise recoverable in accordance with Rule 2, Section 4 ("Damage Caused Otherwise Than by Collision") and Rule 2, Section 5 ("Damage to Docks, Buoys, Etc."), provided always that, notwithstanding this exclusion, claims arising in excess of sums recoverable under the insured vessel's hull policies in respect of such claims shall nevertheless be covered hereunder. |
|---|---|
| DEDUCTIBLES | US$6,000 from all crew claims, each accident or occurrence<br><br>ALG D1,200,000 from all cargo claims arising in Algerian ports, each single voyage.<br><br>US$15,000 from all other cargo claims, each single voyage<br><br>US$100,000 from all costs claims and expenses arising from the actual, constructive or compromised total loss of the vessel.<br><br>US$5,000 from all stowaway claims each stowaway subject to a maximum deduction of US$ 25,000 each single voyage.<br><br>US$100,000 from all claims for irrecoverable General Average contributions<br><br>US$15,000 from all other claims, each accident or occurrence |
| MEMBER SPECIFIC CLAUSES | **ALGERIAN CREW CLAIMS**<br><br>Excluding all crew claims recoverable under the Algerian State Scheme. |



**THE AMERICAN CLUB**

American Steamship Owners Mutual Protection and Indemnity Association, Inc.
60 Broad Street - 37th Floor,
New York, NY 10004, U.S.A.

2006 / 2007

Shipowners Claims Bureau, Inc., Manager

# CERTIFICATE OF ENTRY

of the vessel(s) set out herein for account of the Member named hereunder subject to the By-Laws and Rules of the Association from time to time in force and to any special terms and conditions endorsed hereon and/or as may from time to time be circularized. Unless indicated to the contrary herein, the cover evidenced by this Certificate of Entry commences at noon GMT on the date specified below and continues until cover ceases or is terminated in accordance with the said By-Laws and Rules.

## Class I – Protection & Indemnity Insurance

| VESSEL(S) | FLAG | GROSS TONNAGE | COVER TO COMMENCE |
|---|---|---|---|
| KSAR CHELLALA | DZA | 13,135 | 20 February, 2006 |
| | | | **RENEWAL DATE** |
| | | | 20 February, 2007 |

| MEMBER |
|---|
| CNAN NORD SPA |
| ALGERIAN SHIP MANAGEMENT COMPANY (TECHNICAL MANAGER) |

| SPECIAL TERMS & CONDITIONS AS ATTACHED |
|---|

### IMPORTANT

This Certificate of Entry is evidence only of the contract of indemnity insurance between the above-named Member and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

Unless otherwise stated in the attached Special Terms and Conditions, the cover evidenced by this Certificate of Entry includes the Association's liability to reimburse the Member for claims in respect of cargo, liability for pollution, liability for the removal of wreck and liability for damage to third-party property (dock damage) as defined in the By-Laws and Rules of the Association and any Special Terms and Conditions appended to this Certificate of Entry.

If a Member tenders this Certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. The Association does not so consent.

The Member named in this Certificate of Entry is liable to pay Mutual Premium as provided for in Rule 4. Furthermore, the Member may become liable under the said Rule 4 to pay Overspill Calls to meet the Association's proportion of any Overspill Claims up to the limit per vessel as provided for in the said Rule 4.

CERTIFICATE NO.:      00866000

NEW YORK:      07 March, 2006      BY: _____

AUTHORIZED SIGNATURE

1



CERTIFICATE NO.:    00866000

---

## SPECIAL TERMS & CONDITIONS

| DISCLOSURE | DUTY TO NOTIFY CHANGE OF CLASS AND CHANGE OF FLAG |
|---|---|
|  | Notwithstanding anything to the contrary contained in the Rules or as may be provided for elsewhere in this Certificate of Entry, it is a condition of this insurance that the Member shall immediately notify the Managers in writing of any change in the Class of the insured vessel(s) and/or of any change of flag of the insured vessel(s) as may be made during the currency of the cover provided hereunder. In the event that: |
|  | the Member shall have failed immediately to notify the Managers of such change(s) as aforesaid; or |
|  | the Managers shall have notified the Member that they do not approve of the Class and/or flag to which the insured vessel(s) has been changed; |
|  | cover hereunder shall be null, void and of no effect as of the date of such change(s), save to the extent that the Managers, in their sole discretion, may otherwise determine. |
| COLLISION | ONE-FOURTH COLLISION COVERAGE EXCLUDED |
|  | Coverage hereunder excludes absolutely all those liabilities, costs and expenses which would have been covered hereunder, but for this exclusion, pursuant to Rule 2, Section 3, 1, and subject always and in any event to each and every other provision of Rule 2, Section 3 in general. |
|  | COVERAGE FOR DAMAGE TO FIXED AND FLOATING OBJECTS EXCLUDED |
|  | Coverage hereunder excludes absolutely all those claims in respect of damage to fixed and floating objects otherwise recoverable in accordance with Rule 2, Section 4 ("Damage Caused Otherwise Than by Collision") and Rule 2, Section 5 ("Damage to Docks, Buoys, Etc."), provided always that, notwithstanding this exclusion, claims arising in excess of sums recoverable under the insured vessel's hull policies in respect of such claims shall nevertheless be covered hereunder. |
| EXCLUSIONS | EXCLUSIONS |
|  | Excluding all claims in respect of Smuggling by the Master and / or Crew that would otherwise be covered under Rule 2, Section 8, Paragraph 4. |
| DEDUCTIBLES | US$6,000 from all crew claims, each accident or occurrence |
|  | US$40,000 from bagged cargo claims, each single voyage |



CERTIFICATE NO.:    00866000

|  | US$30,000 from all steel cargo claims, each single voyage. |
|---|---|
|  | US$20,000 from all other cargo claims, each single voyage |
|  | US$5,000 from all stowaway claims each stowaway subject to a maximum deduction of US$ 25,000 each single voyage. |
|  | US$100,000 from all costs claims and expenses arising from the actual, constructive or compromised total loss of the vessel. |
|  | US$15,000 from all other claims, each accident or occurrence |
|  | US$100,000 from all claims for irrecoverable General Average contributions |
| OTHER CLAUSES | **STEEL PRE-LOAD SURVEYS**<br><br>It is understood and agreed that a pre-loading survey will be arranged and carried out on all steel products at Owners expense with the exception of steel pre-load surveys in Marseille, where the Association will continue to pay 100% of the pre-load surveys on new vehicles. |
| MEMBER SPECIFIC CLAUSES | ALGERIAN CREW CLAIMS<br><br>Excluding all crew claims recoverable under the Algerian State Scheme. |



THE
AMERICAN
CLUB

American Steamship Owners Mutual Protection and Indemnity Association, Inc.
60 Broad Street - 37th Floor
New York, NY 10004, U.S.A.

Shipowners Claims Bureau, Inc., Manager

## CERTIFICATE OF ENTRY

2005/2006

of the vessel is set out herein for account of the Member named hereunder subject to the By-Laws and Rules of the Association from time to time in force and to any special terms and conditions endorsed hereon and/or as may from time to time be circularized. Unless indicated to the contrary herein, the cover evidenced by this Certificate of Entry commences at noon GMT at the date specified below and continues until cover ceases or is terminated in accordance with the said By-Laws and Rules.

### Class II – Freight, Demurrage & Defense Insurance

| VESSEL(S) | FLAG | GROSS TONNAGE | COVER TO COMMENCE |
|---|---|---|---|
| KSAR CHELLALA | DZA | 13,135 | 20 February, 2005 **RENEWAL DATE** 20 February, 2006 |

| MEMBER |
|---|
| CNAN GROUP SPA |
| ALGERIAN SHIP MANAGEMENT COMPANY (MANAGER) |

| SPECIAL TERMS & CONDITIONS AS ATTACHED |
|---|

IMPORTANT

This Certificate of Entry is evidence only of the contract of indemnity insurance between the above-named Member and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

If a Member tenders this Certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. The Association does not so consent.

The Member named in this Certificate of Entry is liable to pay Mutual Premium as provided for in Rule 4.

CERTIFICATE NO.:    00857000

NEW YORK.    28 February, 2005    BY:    _____
                                              AUTHORIZED SIGNATURE

CERTIFICATE NO.:    0085T000

THE
AMERICAN
CLUB

## SPECIAL TERMS & CONDITIONS

| LIMIT OF LIABILITY | LIMIT OF LIABILITY for DEFENSE CLAIMS<br><br>It is hereby noted and agreed that, notwithstanding anything contained in the By-Laws and Rules of the Association to the contrary, the Association's liability for all claims arising hereunder is limited to US $2000000 any one accident or occurrence. |
|---|---|
| DEDUCTIBLES | 25% from all legal costs, charges and disbursements, any one dispute, subject to a minimum deduction of US$5,000 up to a maximum deduction of US$50,000 each dispute. |

# EXHIBIT B

American Steamship Owners Mutual Protection and Indemnity Association, Inc



THE
AMERICAN
CLUB

Shipowners Claims Bureau, Inc., Manager          Tel:      +1 212-847-4500
60 Broad Street - 37th Floor                     Fax:      +1 212-847-4599
New York, New York 10004                         E-mail:   info@american-club.net
U.S.A.                                           Website:  www.american-club.com

CNAN Group
Quai 9 (Ex · Quai D'Ajaccio)
Nouvell Gare Maritime
Alger · Port
Algiers
ALGERIA

15th May 2006

Dear Mr Draa,

Please accept this letter, sent as an Email attachment, advising you of 30 days notice of termination of the P&I risks for the CNAN Ships currently entered with the American Steamship Owners Mutual Protection & Indemnity Association, Inc.

Rule 5 of Class I provides for the contract of insurance to be terminated by the Association at any time with not less than thirty days prior written notice.
As you may not receive this notice until the morning of 16th May 2006 the notice will expire at Noon GMT on 15th June 2006.

Premium will be payable pro rata until the 15th June and release calls will be debited at 25% of the advance call for each open policy year (on a pro rata basis where appropriate). No release calls will be payable in respect of the chartered entries which have been accepted on a fixed premium basis.

If CNAN do not wish to pay release calls at this stage, a bank guarantee may be provided to the Association in an amount equal to the current release calls as security for possible future supplementary calls. If this option is taken, the Member remains liable for the full amount of any additional supplementary call even if this exceeds the amount guaranteed. Only by settling the release call within 30 days of the date of the debit note will the liability for future supplementary calls be terminated, other than for any "overspill calls" as per Rule 4 Section 9. If a bank guarantee is offered, this must be from a New York bank on a wording to be provided by the Association.

I regret the need to issue the notice at this time. However, the Association has to react to the prevailing circumstances and terminate membership where the risk and/or risk management is deemed to be unacceptable. In view of the developments since last renewal including the late notification of potential claims, the inability to observe the requirements for appointing lawyers, the failure to settle correspondent & surveyors fees promptly and other issues pertaining to the risk - the Association has to proceed with the notice.



A copy of the loss reports will forward under separate cover in order to assist you with the search for alternative cover.

Yours truly

Stuart J. Todd
Senior Vice President
Shipowners Claims Bureau, Inc.
As Managers of
The American Steamship Owners Mutual Protection and Indemnity Association, Inc.

Direct Line + 1 212 847 4534
Fax No.   + 1 212 847 4596
Email: todd@american-club.net

CC: Giulio Rubesa, P.L. Ferrari & Co. S.r.l.

# EXHIBIT C



**C N A N Group** Spa

*Président, Directeur Général*
N° ........... Dir/2007

2 0 SEP. 2007

Algiers.

AMERICAN CLUB
SHIPOWNERS CLAIMS BUREAU INC
60 BROAD STREET – 37th floor
NEW YORK – NEWYORK 10004 U.S.A

*SENT BY FAX AND EMAIL*

To the kind attention of the Chairman of the  Board of Directors

Subject/  Dispute  CNAN GROUP/AMERICAN CLUB

Dear sir,

 As General Manager  of CNAN GROUP , SPA a former member of the AMERICAN CLUB
( " the Association") , I take the liberty to write to your honourable  Board  for the purpose of
seeking a swift decision  regarding the  considerable amounts  which I believe are  due  to
CNAN GROUP from the Association  in relation to various claims which  occurred during the
period which the CNAN fleet was entered with the Association and which have been paid by
CNAN GROUP with the agreement of the Association to the various claimants.
It is understood that  in addition  to  the claims for  which reimbursment requests have been
submitted, the club's cover  will be  maintained for those  claims still being handled and  for
which reimbursment will be requested  once  completed , but also for any future claims which
may be submitted  in connection with events during the policy years .

As you are aware the AMERICAN club took a decision in june  2006 to terminate the cover
of  CNAN fleet with effect from 15th june 2006
We advised the Association through SCB in London  and discussed the matter in detail with
Mr Farr and Mr Ebiangne  whom we met in MONACO on 18th may 2007. Despite their
promise to contact the NEWYORK headoffice and revert with a reply we have not had any
response since then.
As this matter has been outstanding for some time, we are keen to have it resolved and
therefore  kindly  request the Board to let us have a decision shortly. .

Remaining at your disposal for any other information

Yours faithfully,

Le Directeur Général

A. BOUMBAR



③

Algiers,    1 8 DEC. 2007

AMERICAN CLUB
SHIPOWNERS CLAIMS BUREAU INC
60 BROAD STREET – 37th floor
NEW YORK – NEWYORK 10004 U.S.A

*SENT BY FAX AND EMAIL*

To the kind attention of the Chairman of the Board of Directors

Subject/ Dispute  CNAN GROUP/AMERICAN CLUB

Dear sir,

I would hereby remind you my letter under reference 174/DG/07, dated 20 September 2007, copy of which is attached hereto and  kindly ask you for your reply thereupon before 20th December at the latest , namely the  deadline scheduled by Rule 1.43  for a reply  by the Board  to the  claim  raised by the member.

I do hope  your comprehension of the matter and your  prompt reply

Yours faithfully,

Le Directeur Général

A. BOUMBAR

CC/ PL FERRARI /K.A of Mr GIULIO RUBESA
     SCB London/  K.A of MM FARR /EBIANGNE

S.P.A. au capital social  : 8.900.000.000 DA          Tél.: std 021 42 31 75 - 021 42 31 63
Siège Social : 2, quai n°9, Nouvelle Gare Maritime - Alger-Port          021 42 31 80/87
BP 200, ALGER GARE          Tél. :          213 21 42 31 74

# EXHIBIT D



AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.

SHIPOWNERS CLAIMS BUREAU, INC., MANAGER
ONE BATTERY PARK PLAZA · 31ST FLOOR   NEW YORK, NEW YORK 10004   USA
TEL: +1 212.847.4500   FAX: +1 212.847.4599   WEB: WWW.AMERICAN-CLUB.COM

December 19, 2007

Mrs. Younes
CNAN Group
Younes@cnangroup.com

Re: Dispute CNAN Group vs. American Club etc.

Dear Mrs. Younes,

Thank you for your communications of yesterday in regard to the above.
In particular, we note the letter of September 20, 2007 from M. Boumbar.

The matter is being treated as a matter of priority here and we expect to
be in a position to make what we trust will be an acceptable proposal for
settlement of the outstanding issues between CNAN and the Club in the
near future.

With kind regards,

Joe Hughes
Secretary to the Board